UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 20-2675 JGB (KKx)** | Date | March 31, 2021 |
|---|---|---|---|
| Title | *Aaron Cordero v. C.R. England, Inc., et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order (1) DENYING Plaintiff's Motion for Remand (Dkt. No. 15); (2) DENYING Defendant's Ex Parte Application for Leave to File a Sur-Reply (Dkt. No. 18); and (3) VACATING the April 5, 2021 Hearing (IN CHAMBERS)

    Before the Court is a Motion for Remand filed by Plaintiff Aaron Cordero and an Ex Parte Application for Leave to File a Sur-Reply filed by Defendant C.R. England. ("Motion," Dkt. No. 15; "Application," Dkt. No. 18.) The Court finds both the Motion and the Application appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court DENIES the Motion and DENIES the Application. The Court vacates the hearing set for April 5, 2021.

## I.  BACKGROUND

    On October 21, 2020, Plaintiff filed his Complaint in the Superior Court of the State of California for the County of San Bernardino against Defendant C.R. England, Inc., and Doe Defendants. ("Complaint," Dkt. No. 1-2.) The Complaint alleges violation of the Private Attorneys General Act (PAGA), California Labor Code § 2698 et seq. (Complaint.)

    On December 31, 2020, Defendant removed the action to federal court. ("Notice of Removal," Dkt. No. 1.) Plaintiff filed the Motion on February 22, 2021. Defendant opposed the Motion on March 8, 2021. ("Opposition," Dkt. No. 16). Plaintiff replied in support of the Motion on March 22, 2021. ("Reply," Dkt. No. 17.)

On March 26, 2021, Defendant filed an ex parte application for leave to file a sur-reply responding to arguments in Plaintiff's Reply. (Dkt. No. 18.) On March 29, 2021, Plaintiff opposed. (Dkt. No. 19.) This application is DENIED.

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, a defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

The right to remove is not absolute, even where original jurisdiction exists. A defendant may not remove on diversity jurisdiction grounds "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such an action is brought." 28 U.S.C. § 1441(b)(2). And a defendant must remove "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b).

Moreover, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014). The court must resolve doubts regarding removability in favor of remanding the case to state court. Id.

PAGA allows employees to bring suit against their employers if the Labor & Workforce Development Agency ("LWDA") has failed to investigate alleged violations of the California Labor Code. Urbino v. Orkin Servs. of California, Inc., 726 F.3d 1118, 1121 (9th Cir. 2013). Employees in PAGA actions receive 25% of the collected penalties assessed as the result of suits, the LWDA receives the remaining 75%. Cal. Lab. Code § 2699(i). Under PAGA, employees may also seek $100 for each initial violation per pay period and $200 dollars for each subsequent violation. Cal. Lab. Code § 2699(f)(2).

## III.   DISCUSSION

Plaintiff is a California citizen and Defendant is a citizen of Utah. (Dkt. No. 1.) Defendant removed based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Id.) Plaintiff seeks remand on the theory that the amount in controversy involved in this case falls below $75,000. (Motion.)

A plaintiff contesting removal jurisdiction may mount either facial or factual attacks on a defendant's jurisdictional allegations. See Salter v. Quality Carriers, 974 F.3d 959, 964 (9th Cir. 2020) (regarding CAFA). "A 'facial' attack accepts the truth of the [defendant's] allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" Id. (quoting Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014)). A factual attack "contests the truth of" the allegations themselves. Id.

Plaintiff has mounted a facial attack. His claim is—at core—that Defendant's math is wrong. (Motion 4.) Plaintiff has brought PAGA claims, and if he prevails, only 25% of civil penalties assessed on Defendant will be paid to Plaintiff and similarly situated employees. (See Complaint; Cal. Lab. Code § 2699(i).) In calculating this case's amount in controversy, Defendant is using 100% of potential violation penalties—including the share of penalties to be paid to the LWDA if Plaintiff prevails. (Opposition 24.) Neither the Ninth Circuit nor the California Supreme Court have squarely held whether courts should include the 75% share of PAGA penalties payable to the LWDA when assessing "amount in controversy" for jurisdictional purposes. See Rael v. Intercontinental Hotels Grp. Res., Inc., 2019 WL 990432, at *2 (C.D. Cal. Mar. 1, 2019). Courts within California have come out both ways on the issue. See id. (holding courts should use only PAGA penalties which go to Plaintiff when considering jurisdiction); see also Mitchell v. Grubhub Inc., 2015 WL 5096420, at *6 (C.D. Cal. Aug. 28, 2015) (holding that the entire amount of penalties for plaintiff's PAGA claims is utilized to calculate the amount in controversy).

But whether a court should consider all PAGA penalties or merely Plaintiff's share does not decide this case. In Defendant's Notice of Removal, it estimated its potential civil penalty liability if Plaintiff prevails at $369,707.30. (Dkt. No. 1.) In the Opposition, it estimated total civil penalties at $328,450.00. (Opposition 28.)[1] Even if the Court were to adopt Plaintiff's rule and consider only penalties payable to Plaintiff, the amount in controversy would be approximately $82,112.50. Accounting for attorneys' fees, which are included in the amount in controversy if a statue authorizes their award, the allegations in Plaintiff's Complaint clearly place more than $75,000 in controversy. See Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-56 (9th Cir. 1998). As Defendants point out, "courts within the Ninth Circuit handling PAGA cases have further held that 'removing defendants can reasonably assume plaintiffs are entitled to attorney[s'] fees valued at approximately 25% of projected damages.'" Olson v. Michaels Stores, Inc., 2017 WL 3317811, at *3 (C.D. Cal. Aug. 2, 2017) (citing Ford v. CEC Entm't, Inc., 2014 WL 3377990, at *6 (N.D. Cal. July 10, 2014)). Using Defendant's accounting once more, prospective attorneys' fees in this case are also approximately $82,112.50. Even if both PAGA penalties and attorneys' fees were halved because of the parties' dispute about how many pay periods Plaintiff actually worked, jurisdiction would still be proper here.

---

[1] This figure is based on penalties allegedly accrued thus far, not Defendant's estimation of what penalties may be at the time of trial. Because the Court does not use the figures that Plaintiff claims are improper in his Reply, Defendant's proposed Sur-Reply addressing the issue is unnecessary.

      Finally, even if Plaintiff's Motion were considered a factual attack on Defendant's removal, Defendant has met its burden.  No party claims that Defendant's notice of removal was required to contain evidentiary submissions.  (See Reply 4.)  Indeed, the standard Plaintiff mounts for factual attacks is that once removal jurisdiction is challenged, defendant must prove by preponderance of the evidence that federal jurisdiction is proper.  (Id.)  As the Supreme Court has stated, "defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met.  Rather, defendants may simply allege or assert that the jurisdictional threshold has been met. . . .  In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies."  Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 88–89 (2014) (quoting H.R. Rep. No. 112–10, p. 16 (2011).)  Defendant has appended hundreds of pages of Plaintiff's pay data to its Opposition.  (Dkt. No. 16-2.)  It has used the allegations contained in Plaintiff's Complaint to calculate prospective PAGA penalties.  (Opposition.)  It has more than demonstrated the amount in controversy here.

## IV.   CONCLUSION

      For the reasons above, the Court DENIES Plaintiff's Motion and DENIES Defendant's Application.  The April 5, 2021 hearing is VACATED.

**IT IS SO ORDERED.**